UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROSA REYNA, § | | |
|     *Plaintiff* § | | |
| § | | |
| vs. § | CIVIL ACTION NO. _____ | |
| § | | |
| UNITED STATES OF AMERICA, and § | | |
| FRANCISCO FACUNDO, § | | |
|     *Defendants* § | | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THIS HONORABLE COURT:

NOW COMES PLAINTIFF ROSA REYNA, complaining of DEFENDANTS UNITED STATES OF AMERICA AND FRANCISCO FACUNDO, and for cause of action respectfully shows this Honorable Court the following:

## I. PARTIES

1. Plaintiff Rosa Reyna is a resident of the State of Texas.

2. Defendant Francisco Facundo is a resident of the State of Texas.

3. The United States of America is a Defendant.

## II. JURISDICTION AND VENUE

4. This lawsuit is an action for personal injury brought pursuant to and in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, *et seq.*, which vest subject matter jurisdiction of tort claims against the United States of America in the Federal District Courts. Therefore, this Federal District Court has jurisdiction of this cause.

5. Venue is proper in this district since the United States of America is a Defendant and, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

### III. SERVICE OF PROCESS

6. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Plaintiff's Original Complaint on United States Attorney Ryan K. Patrick, United States Attorney for the Southern District of Texas, by certified mail, return receipt requested, at the United States Attorney's mailing address, 1000 Louisiana, Suite 2300, Houston, Texas 77002, to the attention of the Civil Process Clerk; and by serving a copy of the Summons and Plaintiff's Original Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Office of the Attorney General, 10th and Constitution Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

7. Defendant Francisco Facundo may be served with process at 6805 Rio Concho Street, Rio Grande City, Texas 78582 or wherever he may be found.

### IV. LIABILITY OF THE UNITED STATES OF AMERICA

8. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of the United States Customs and Border Protection, and officers, employees and contractors of the United States Customs and Border Protection while said officers, employees and contractors were acting within the scope of their office, employment, or contract with the United States Customs and Border Protection and under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## V.  JURISDICTIONAL PREREQUISITES

9. Pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), Plaintiff's claims set forth herein were timely filed and presented administratively to the Defendant's agency, the United States Customs and Border Protection, and a Form 95 was submitted to said agency in April of 2019.  More than six (6) months have passed since the filing of Plaintiff's administrative claims.  As of the date of Plaintiff filing this Complaint, the United States Customs and Border Protection has not made a final disposition of Plaintiff's administrative claims by settlement or by written denial in accordance with 28 U.S.C. § 2675(a).  Accordingly, Plaintiff has elected to deem such failure to make final disposition of Plaintiff's administrative claims as a denial thereof and have elected to file this action.  Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this action.

## VI. FACTS

10. This claim is a Federal Tort Claims Act action for monetary damages sustained by the Plaintiff and resulting from personal injuries to the Plaintiff as a result of the negligent conduct of the officers, employees, and contractors of the United States Customs and Border Protection, who were acting within the scope of their office, employment, or contract with the United States.

11. On or about August 23, 2018, Ms. Rosa Reyna was driving a 2007 Chevrolet Impala and at a stop at the intersection of FM 1430 and US 83 in Rio Grande City, Texas.  A United States Customs and Border Protection employee, Francisco Facundo, was driving a Ford F150 pickup truck and was traveling directly behind the Plaintiff.  As the Plaintiff moved forward in an attempt to merge with westbound traffic, Mr. Facundo failed to control his speed and collided with the Plaintiff's vehicle.

## VII. DAMAGES

12. By reason of the occurrence made the basis of this action, including the negligent conduct on the part of Mr. Facundo, who was at all times an employee of the United States Customs and Border Protection and in the course and scope of his employment, Plaintiff sustained severe bodily injuries and property damage.

13. As a result of the foregoing injuries, the Plaintiff has suffered loss of wages in the past and loss of capacity to work and earn money in the future and, in reasonable probability, her earning capacity has been impaired permanently.

14. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

15. As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer physical impairment.

16. The Plaintiff is physically impaired as a result of her injuries. As a consequence, she has lost the ability to perform household services.

17. Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

18. Plaintiff also has damages in the form of property damage done to the vehicle and its contents.

## VIII. CAUSES OF ACTION

19. Plaintiff incorporates the allegations and statements above herein.

20. Defendant United States Customs and Border Protection's employee, Mr. Facundo, is guilty of negligence by failing to keep a proper lookout, failing to control his speed, failing to yield the right of way, and other actions and inactions that caused the collision complained of and were the cause of

Plaintiff's injuries and damages. Plaintiff will further show that Mr. Facundo breached his duty of care owed to Plaintiff, as a fellow motorist and passenger, to drive with reasonable care to avoid a foreseeable risk of injury to others.

21. Mr. Facundo's acts and omissions constituting negligence described herein were a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiff.

22. The acts and omissions of Mr. Facundo were performed while in the employment of Defendant United States Customs and Border Protection and were within the scope of that employment or within the authority delegated to Mr. Facundo.

23. In the alternative, should it be found that Defendant Facundo was not acting within the course and scope of his employment at the time of the incident made the basis of this lawsuit, then he is independently liable to the Plaintiff for her injuries.

24. This negligence was a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiff.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, pre- and post-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

/S/ KEITH W. LAPEZE
Keith W. Lapeze
Attorney-In-Charge
TBA No. 24010176
SD No. 24437
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel. No. (713) 739-1010
Fax No. (713) 739-1015
E-Mail keith@lapezejohns.com

OF COUNSEL:
Taylor Shipman
TBA No. 24079323
E-Mail taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFF